J-S25026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MIGUEL ANGEL GONZALEZ | |
| Appellant | No. 1486 EDA 2016 |

Appeal from the PCRA Order April 18, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0002598-2013

BEFORE:  BENDER, P.J.E., RANSOM, J., FORD ELLIOTT, P.J.E.

MEMORANDUM BY RANSOM, J.:                    **FILED MAY 26, 2017**

Appellant, Miguel Angel Gonzalez, appeals from the order entered April 18, 2016, denying his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We adopt the following statement of facts from the PCRA court's supplemental opinion of August 23, 2016, which in turn is supported by the record.  *See* PCRA Court Opinion (PCO), 8/23/16, at 1-4.  In February 2013, Appellant was arrested at a Red Roof Inn in Bensalem, in possession of cocaine, two handguns, a submachine gun, and ammunition.

On July 29, 2013, Appellant entered a negotiated guilty plea to possession with intent to deliver (PWID), possession of a controlled substance, possession of drug paraphernalia, and three counts each of possession of firearms by a prohibited person and firearms not to be

possessed without a license.[1] Prior to the plea and sentencing, the Commonwealth filed a notice of its intent to invoke the five-year mandatory minimum pursuant to 42 Pa.C.S. § 9712.1. At the time of Appellant's sentencing, the statute provided for a five-year, mandatory minimum sentence where a defendant was convicted under 35 P.S. § 780-113(a)(30) while in possession of and/or exercising control over a firearm. *See* 42 Pa.C.S. § 9712.1; Criminal Information, CP-09-CR-0002598-2013, Count 1.

At the plea hearing, defense counsel, the Commonwealth, and the court were under the impression that they sought a mandatory minimum sentence of five to ten years of incarceration on count four, possession of a firearm by a prohibited person. However, 42 Pa.C.S. § 9712.1 would have applied to count one, possession with intent to deliver; it did not apply to count four. Ultimately, Appellant received a sentence of five to ten years of incarceration for possession of a firearm prohibited, followed by five years of probation, and no further penalty on the remaining charges. His sentence was within the standard range of the guidelines for that charge. Further, at the plea hearing, the court indicated that had Appellant proceeded to trial, he would have received a harsher sentence of at least ten to twenty years.

Appellant did not pursue a direct appeal but timely filed a petition seeking PCRA relief. Counsel was appointed and filed two amended petitions

---

[1] *See* 35 P.S. §§ 780-113(a)(30), (a)(16), (a)(32); and 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), respectively.

on Appellant's behalf, arguing that plea counsel was ineffective in his representation. Specifically, Appellant averred that plea counsel was ineffective for advising him to enter a plea to a sentence that was illegal pursuant to *Alleyne v. United States*, 133 S. Ct. 1251 (2013), decided approximately one month prior to Appellant's sentencing.

The court held an evidentiary hearing. Appellant's plea counsel, David Glanzberg, Esquire, testified. Mr. Glanzberg reviewed a copy of the sentencing guidelines and was aware that the Commonwealth had invoked a mandatory minimum for the possession of a firearm in proximity to drugs. *See* 42 Pa.C.S. § 9712.1. He was concerned that Appellant's potential exposure would be greater than the mandatory minimum sentence and entered into plea negotiations under that assumption. Mr. Glanzberg was aware of the decision in *Alleyne* but did not raise the issue because he believed Appellant had received a fair sentence and it was ultimately in Appellant's favor to take the offer. He did not realize the sentence Appellant received was not a mandatory minimum until reviewing the case in preparation for the PCRA hearing.

Appellant testified at the hearing. He claimed to have discussed the potential five-year, mandatory minimum sentences with Mr. Glanzberg, who advised Appellant he could potentially face three consecutive mandatory sentences for each fire arm possessed. Due to this advice, Appellant accepted the deal. Appellant averred he believed he could not receive less

- 3 -

than five years of incarceration as a result of the mandatory minimum sentence.

Following the hearing, the court dismissed Appellant's petition. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The court issued a responsive opinion.

On appeal, Appellant raises the following issue for our review:

Did the lower court err in denying Appellant's Post-Conviction Relief Act petition where trial counsel was ineffective for allowing Appellant to enter a guilty plea to an illegal, non-existent, mandatory sentence?

Appellant's Brief at 4 (unnecessary capitalization omitted).

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

We presume counsel is effective. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must plead and prove, by a preponderance of the evidence, that 1) the underlying issue has arguable merit; 2) counsel's actions lacked an objective reasonable basis;

and 3) petitioner suffered actual prejudice from the act or omission. *See Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). A claim will be denied if the petitioner fails to meet any one of three prongs discussed *supra*. *Commonwealth v. Springer*, 961 A.2d 1262, 1267 (Pa. Super. 2008); *see also Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

When determining prejudice in the context of an ineffective assistance of counsel claim arising out of a guilty plea,

> the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (citations and internal quotation marks omitted).

Appellant argues that counsel was ineffective for failing to advise him of the decision in *Alleyne*. *See* Appellant's Brief at 11. [2]  Although he

_____

[2] In *Alleyne*, the United States Supreme Court held that "any fact that, by law, increases the penalty is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S. Ct. at 2155. Subsequently, Pennsylvania courts have found certain mandatory minimum sentencing schemes unconstitutional. *See, e.g., Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015) (finding mandatory minimum for Drug-Free School Zones violation unconstitutional); *see also Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014) (applying *Alleyne* and holding 42 Pa.C.S. §§ 9712 and 9713 unconstitutional), *appeal denied*, 124 A.3d 309 (Pa. 2015); *see also Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (finding 42 Pa.C.S. § 9712.1 unconstitutional).

*(Footnote Continued Next Page)*

acknowledges that he did not actually receive a mandatory minimum sentence, per the mistake discussed *supra*, he argues that trial counsel's failure to challenge the applicability of the mandatory minimum tainted the guilty plea negotiations. *Id.* at 11-13, 17. Appellant contends he believed that he was facing "three potential five year mandatory minimum sentences" for charges for which there was no mandatory minimum sentence and that, therefore, his plea was not knowing, intelligent, and voluntary. *Id.* at 17.

Appellant relies on *Commonwealth v. Melendez-Negron*, 123 A.3d 1087 (Pa. Super. 2015) to support his contention that his plea was involuntary. In *Melendez-Negron*, the defendant accepted a plea agreement, on the advice of counsel, resulting in the imposition of a mandatory minimum sentence. *See Melendez-Negron*, 123 A.3d at 1090. As a result of this advice, the defendant received a sentence that was nearly twice the sentence he could have received. *Id.* at 1091 n.6. Ultimately, this Court found that 1) the disparity between the actual sentence and potential sentence established prejudice, and 2) the shared misapprehension tainted

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

While, generally, an *Alleyne* claim does not apply retroactively to cases on collateral review, this Court has recognized that an *Alleyne* claim constitutes a non-waivable challenge to the legality of a sentence and may be raised for the first time in a timely-filed PCRA petition where the petitioner's judgment of sentence was not final when *Alleyne* was decided. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016); *see also Commonwealth v. Ruiz*, 131 A.3d 54 (Pa. Super 2015). Here, Appellant was sentenced July 19, 2013; *Alleyne* was decided June 17, 2013.

the parties' negotiation at the outset, such that a vacation of his guilty plea was required. *Id.* at 1094.

Appellant argues that, as in *Melendez-Negron*, the parties were under a shared misapprehension that three mandatory minimum sentences applied to Appellant and entered negotiations accordingly. *See* Appellant's Brief at 17. He does not actually plead that had counsel advised him of the holding in *Alleyne*, he would not have pleaded guilty. *Id.* Instead, he appears to argue that because the plea negotiations were "tainted from the outset," he suffered prejudice *per se*. *Id.*

We note that as discussed *supra*, despite the mistaken belief of the parties at the time of sentencing, Appellant did not receive a mandatory minimum sentence. Instead, he received a sentence that was within the standard to aggravated range of the guidelines for an offense that did not carry a mandatory minimum and potentially faced that same sentence for three counts. Thus, unlike *Melendez-Negron*, the misapprehension did not result in a sentence that was double the aggravated range sentence he would have received without application of the mandatory. As the lower court indicated, Appellant would likely have received a sentence of at least ten to twenty years had he gone to trial, regardless of mandatory minimums. Accordingly, counsel had a reasonable basis for his advice. *See Washington*, 927 at 606 (noting that counsel's stewardship may be deemed effective if any reasonable basis for his actions is apparent from the record).

Further, Appellant has not pleaded or proved prejudice. Despite his arguments regarding plea negotiations, an examination of his brief reveals he did not plead that he would have insisted on going to trial had counsel advised him of **Alleyne**. **See Barndt**, 74 A.3d at 192. More importantly, **Melendez-Negron** did not establish a *per se* finding of prejudice, as Appellant seems to imply. Instead, the Court looked at the sentence Appellant had received, noted the large disparity as a result of counsel's advice, and accordingly, found prejudice. **See Melendez-Negron**, 123 A.3d at 1091 n.6. Appellant cannot make a similar allegation. Accordingly, he has not pleaded or proved prejudice, therefore there was no error in the court's dismissal of his petition. **Springer**, 961 A.2d at 1267.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2017